# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO
# CIVIL ACTION NO. 4:10CV-P55-M

JOHN ROBERT DEMOS, JR.                                                                    PETITIONER

v.

UNITED STATES OF AMERICA                                                                 RESPONDENT

## MEMORANDUM OPINION

The petitioner filed a petition for writ of habeas corpus ad testificandum. In the writ, he states that he has obtained knowledge of an extensive terrorist plot against the United States and wants to be called before a district court and/or committee on national security to testify. Pursuant to 28 U.S.C. § 2241(c)(5) "the writ of habeas corpus shall not extend to a prisoner unless--it is necessary to bring him into court to testify or for trial." A prisoner cannot obtain a writ of habeas corpus ad testificandum in order to testify before a federal court where there is no pending proceeding before the court in which the witness can testify. *See Duncan v Maine*, 295 F2d 528 (1st Cir. 1962). Since there is no pending action in this Court dealing with the issues Petitioner desires to testify about, the Court lacks jurisdiction to issue the requested writ. The Court will dismiss this action by separate Order.

## Certificate of Appealability

An individual who unsuccessfully petitions for writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing

of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date:


cc: Petitioner, *pro se*

4414.008